1  VICTOR JIH (SBN 186515)
   Wilson Sonsini Goodrich & Rosati, PC
2  633 W. Fifth Street, Suite 1550
   Los Angeles, CA 90071
3  Telephone: (323) 210-2900
4  Email: vjih@wsgr.com

5  JONATHAN S.M. FRANCIS (SBN 307722)
   DALE R. BISH (SBN 235390)
6  PAUL N. HAROLD (SBN 301711)
7  Wilson Sonsini Goodrich & Rosati, PC
   One Market Plaza
8  Spear Tower, Suite 3300
   San Francisco, CA 94105
9  Telephone: (415) 947-2000
   Email:  jfrancis@wsgr.com;
10  dbish@wsgr.com; pharold@wsgr.com

11
   *Counsel for Defendant Google LLC.*
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEST CARPET VALUES, INC. and THOMAS D. RUTLEDGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 5:20-cv-04700-EJD<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CERTIFY AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND TO STAY PROCEEDINGS**<br><br>Date: February 24, 2022<br>Time: 9:00 am<br>Place: Ctrm 4<br>Before: Judge Edward J. Davila |

## I. INTRODUCTION

It is probably no surprise that Plaintiffs, as the prevailing party, believe the Order was correctly decided while Google believes otherwise. This case, however, goes beyond the natural disagreement between parties in an adversarial proceeding. The disagreement here is the result of a more fundamental jurisprudential divide recognized by jurists and scholars alike. Plaintiffs' claims are rooted in doctrines that were controversial at their inception. And they continue to be controversial as California courts question their continued viability and district courts split over their application. The Order not only takes sides in these doctrinal controversies, it extends those doctrines and applies them in a novel context. That the Order was immediately met with critical academic commentary is perhaps to be expected given the substantial disagreement on these issues, their importance, and the Order's wide-ranging implications.

This is precisely the type of case that merits early appellate review and guidance. Plaintiffs do not dispute that the Order involves several controlling questions of law. They do not dispute that a Ninth Circuit ruling for Google may materially advance the litigation. And they do not dispute that, absent appellate guidance, this Court will have to resolve thorny disputes over the scope of discovery and class certification, which will be entirely moot if the Ninth Circuit refuses to extend these antiquated tort claims into novel areas of the law. Appellate review makes sense, especially before Plaintiffs, on behalf of a class of all types of website owners, press forward despite loud objections into largely uncharted legal territory.

Plaintiffs nevertheless oppose interlocutory review because they feel the Order reached the right result and they insist it will be affirmed. Even though Plaintiffs agree with the Court, the fact remains that there is substantial ground for difference of opinion. It makes sense to find out if the Ninth Circuit agrees before years are wasted on hard-fought, complex litigation. Given the evolution and confusion of the case law in this area, any guidance—even an affirmance—is useful. The Ninth Circuit will either terminate the case or clarify the scope of Plaintiffs' claims and identify the precise issues the Ninth Circuit considers material to proving them. The Court should certify an interlocutory appeal and stay proceedings.

## II. THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

There is no dispute that the doctrines on which the Order rests was controversial at its inception. The *Kremen* court certified the issues to the California Supreme Court because there were "reasonable arguments ... on both sides of the issue." *Kremen v. Cohen*, 325 F.3d 1035, 1041 (9th Cir. 2003). Plaintiffs contend the Ninth Circuit's ultimate decision in *Kremen* "settled [the] issue" (Opp. 3 n.1), but of course a federal court cannot settle an issue of state law, and—absent further guidance from the California Supreme Court—*Kremen* could not and did not "settle" the issue. *That foundational issue* has been and remains controversial. *See* Dkt. 28 at 8-9 (collecting authorities). Plaintiffs try to distinguish these authorities on their facts, but there is no dispute that cases like *Silvaco* "caution[ed] against further eroding the tangible property requirement," and nothing distinguishes the "machine-readable software code" at issue in *Silvaco* from the copies of websites (*i.e.*, rendered HTML code) at issue here. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 & n.21 (Cal. Ct. App. 2010); Dkt. 1 ¶ 39.

Not surprisingly, there is contrary authority on each question of law:

- Extension of *Kremen.* Plaintiffs do not dispute that the additional authorities cited in Google's motion (Mot. 6) reflect decisions by reasonable jurists (and scholars) that disagree with the Order. Plaintiffs disregard them because they are not "from within the Ninth Circuit or from another federal court of appeals." Opp. 3. But the out-of-circuit disagreement is why it makes sense to ask the Ninth Circuit to address it now. Disagreement by district judges anywhere establishes "substantial ground for difference of opinion exists" and increases the likelihood that the jurists within this Circuit "might disagree" too, even if they have not "already disagreed." *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); *see also Gates v. Starbucks Corp.*, 2009 WL 10675787, at *2 (N.D. Cal. Oct. 2, 2009) (relying on "out-of-circuit cases").

- Functional but No Physical Harm. Once again, Plaintiffs discount the out-of-Circuit authorities that disagree with the Order. Circuit Judge Bibas's June 2021 decision dismissed a trespass to chattels claim that failed to allege "damage[] [to] the actual website (by slowing it down, for example)." *Discovery Educ., Inc. v. SchoolsPLP, LLC*,

2021 WL 2292223 (D. Del. June 4, 2021).  On this issue, however, that disagreement has also materialized within the Circuit.  Plaintiffs do not dispute that *Fields* recognized a split by "[d]istrict courts in California" over "whether physical damage to the computer or device is necessary" under *Hamidi* for a trespass to chattels claim.  *Fields v. Wise Media, LLC*, 2013 WL 5340490, at *4 (N.D. Cal. Sept. 24, 2013).

- <u>Copyright preemption.</u>  Plaintiffs' claims are about "*copies* of their websites." Order 13 (emphasis added); Dkt. 1 ¶ 79.  As Professor Goldman explains, Plaintiffs' attempt to control the display of copies of their websites is "exactly what the derivative work right covers."  Plaintiffs simply repeat their mantra that their claims are "qualitatively different than a copyright claim." Opp. 6.  Not so.  And Google's authorities confirm how the derivative work rights applied to similar facts.  Mot. 7.

- <u>Google's Right to Speak.</u>  Plaintiffs pooh-pooh any First Amendment issue by asserting that their claims solely concern "ads."  Opp. 7.  But as the Complaint readily acknowledges, they also object to links to "news" reports.  Dkt. 1 ¶¶ 6, 15, 78, 85, 90, 93, 102, 112, 181, 189.  Even accepting Plaintiffs' allegations as true, nothing in Plaintiffs' theories is limited to ads; Plaintiffs would have the same trespass and unjust enrichment objections whether their websites were overlaid with advertisements or news reports. Google's authorities show that courts apply strict scrutiny against claims (like Plaintiffs') that risk abridging fully protected speech.  Mot. 7.  At the very least, these authorities show that reasonable jurists might disagree with the Order's First Amendment ruling.

Plaintiffs' conviction that the Order was correct does not make these contrary authorities disappear, nor does it eliminate the substantial disagreement among courts on these issues.

What is remarkable is how quickly the Order sparked critical academic commentary.  *See* Mot. 7-8.  Plaintiffs brush aside this criticism as "uninformed" "pontifications" by "local professors."  Opp. 1, 5.  Far from it:  Professors Lemley and Goldman are two of the nation's leading scholars of internet and intellectual property law.  *See* Brian Leiter, "*10 Most-Cited Law & Technology Scholars in the U.S., 2016-2020*," Law School Reports (Sept. 9, 2021), https://leiterlawschool.typepad.com/leiter/2021/09/10-most-cited-law-technology-scholars-

1  in-the-us-2016-2020.html.  Plaintiffs say neither professor offered "genuine legal analysis with
2  case citations" (Opp. 5), but in fact both cited authority, with Lemley citing *Hamidi* and
3  Goldman citing several cases, including *Hamidi* and *Kremen*.  Mark Lemley,
4  https://twitter.com/marklemley/status/1442872861140520967; Eric Goldman, "*If 'Trespass to*
5  *Chattels' Isn't Limited to 'Chattels,' Anarchy Ensues–Best Carpet Values v. Google,*"
6  Technology & Marketing Law Blog (Oct. 19, 2021), https://blog.ericgoldman.org/archives/
7  2021/10/if-trespass-to-chattels-isnt-limited-to-chattels-anarchy-ensues-best-carpet-values-v-
8  google.htm.  As a last gasp, Plaintiffs observe that professors are not "*jurists*" (Opp. 5), but
9  professors are reasonable legal minds and their reasoned analyses suggest that the Ninth Circuit
10 might reverse.  *See Fed. Deposit Ins. Corp. v. Perry*, 2012 WL 13008979, at *4 (C.D. Cal. Feb.
11 21, 2012) (relying on "academic sources" that "underscore[d] an ongoing judicial confusion").

## III.  AN INTERLOCUTORY APPEAL WILL MATERIALLY ADVANCE THE CASE

Given this disagreement, finding out what the Ninth Circuit thinks of these issues now would be valuable to the Court and the parties, especially before we open the doors to a potentially wide-ranging inquiry into how millions of websites may have been searched for or displayed on Android devices over a two-year period.  Plaintiffs concede that "[a]n appeal could shorten the litigation if Google prevails." Opp. 8.  But even if the Order is affirmed, any appellate guidance will still be useful in terms of the elements necessary to state a claim and its potential reach.  For example, immediate appellate review may simplify class proceedings by indicating whether any overlay/superimposition is per se illegal or whether it depends on what Google suggests or the degree of functional harm.  Plaintiffs do not dispute any of these points.

Plaintiffs instead fight the premise by repeating their prior arguments that the Order is correct and will be "complete[ly] affirm[ed]" or, at worst, reversed with leave to replead.  But any sort of guidance, whether it be confirmation, narrowing, or dismissal of Plaintiffs' claims will materially advance this case given the uncertainty surrounding the case law at issue here.

## IV.  PLAINTIFFS OFFER NO GOOD REASON TO NOT STAY PROCEEDINGS

Plaintiffs do not dispute that only by staying proceedings can the Court and parties obtain the benefits of interlocutory review.  It makes no sense to proceed into discovery and class

proceedings while awaiting Ninth Circuit guidance that might moot or reshape the case.

Plaintiffs instead repeat the argument that affirmance is certain, so a stay only delays the case. Opp. 8. To the extent this Court does not see these issues in such a one-sided fashion, a stay is warranted. Mot. 9-10. Stays pending interlocutory appeal are routine, and here a stay is undisputedly the only way to obtain appellate guidance in time to use it. Mot. 9-10.

Plaintiffs also say that a stay "risk[s] evidence becoming stale," without explaining what evidence they have in mind. Opp. 8. The concern about stale evidence typically is "that witnesses' memories will fade." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). It is unlikely that the claims here—which concern how websites were displayed—will turn on the memories of witnesses.

## V.   CONCLUSION

An immediate interlocutory appeal is good case management. This case raises difficult and important issues with far-reaching implications for how the public uses the internet. It is important that these legal issues are answered definitively, correctly, and promptly. Unless the Court is inclined to reconsider the Order on its own, Google respectfully requests that the Court certify the Order for interlocutory review and stay interim proceedings.

Dated:  November 19, 2021

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ Victor Jih*
     VICTOR JIH (SBN 186515)
633 W. Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Email: vjih@wsgr.com

*Counsel for Defendant Google LLC*