UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEST CARPET VALUES, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.  5:20-cv-04700-EJD <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAYING ACTION PENDING APPEAL** <br><br> Re: Dkt. No. 44 |

Defendant Google LLC ("Defendant") asks the Court to certify for interlocutory appeal the September 24, 2021 Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. No. 41) and to stay the proceedings pending resolution of the appeal.  Dkt. No. 44.   Plaintiffs Best Carpet Values, Inc. and Thomas D. Rutledge (collectively "Plaintiffs") filed an opposition (Dkt. No. 46), and Defendant filed a reply (Dkt. No. 47).  The Court finds this matter suitable for disposition without oral argument.  *See* Civil Local 7-1(b).  For the reasons discussed below, the Court will grant Defendant's motion.

I.      **BACKGROUND**

As website owners, Plaintiffs allege they are entitled "to control the content and information displayed on their websites' web pages, including any advertisements, without interference."  Compl. ¶ 51, Dkt. No.1.  Between March 2018 and April 2020, Defendant allegedly superimposed ads on their websites without their consent.  *Id.* ¶ 53.  In this putative class action suit, Plaintiffs assert claims for implied-in-law contract and unjust enrichment; trespass to chattels; and unfair and unlawful conduct in violation of California Business and Professions Code

§ 17200.  *Id.* ¶¶ 176-98.

Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 19.  On September 24, 2021, the Court issued its ruling ("Order").  Dkt. No. 41.  First, relying on *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003), the Court concluded that Plaintiffs' websites are a form of intangible property that may be the subject of a trespass to chattels claim.  Dkt. No. 41 at 9.  The Court also concluded that Plaintiffs stated a cognizable claim based on alleged "functional harm or disruption" to their websites, even though there was no "physical harm to their websites."  *Id*. at 12.  Second, the Court rejected Defendant's argument that the Copyright Act preempted the implied contract/unjust enrichment claim.  Third, the Court concluded that Plaintiffs stated a cognizable section 17200 claim using the trespass to chattels and implied contract/unjust enrichment claims as predicates.  Lastly, the Court rejected Defendant's First Amendment defense.  Defendant now seeks certification to appeal the Court's Order pursuant to 28 U.S.C. § 1292(b).

## II.  DISCUSSION

In general, "only final judgments" of the district courts are appealable.  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  Title 28 United States Code § 1292(b) codifies a narrow exception to that "normal rule."  *Id*. at 1067 n.6.  Pursuant to 28 U.S.C. § 1292(b), a district judge may certify for immediate appeal an otherwise nonappealable order in a civil action if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Certification is appropriate "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions."  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  The conditions for interlocutory appeal of the Order are met in this case.

### A.     Controlling Questions of Law

Controlling questions of law are those whose resolution "materially affect the outcome of

Case No.:   5:20-cv-04700-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

2

litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982). Here, although Plaintiffs argue to the contrary, Defendant has identified four controlling questions of law:

> (1) Whether *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003), should be extended to protect as chattel the copies of websites displayed on a user's screen;
>
> (2) Whether trespass to chattels can be based on "functional harm *or* disruption" to a website even though there is no "physical harm to their websites";
>
> (3) Whether website owners can invoke state law to control how their websites are displayed on a user's screen without preemption by federal copyright law; and
>
> (4) Whether the risk consumers may be confused or misled by deceptive advertising defeats Google's First Amendment right to suggest search results to users interested in viewing a particular website.

Mot. at 2. These are legal questions that do not depend on a material dispute of fact. The first two issues are potentially dispositive of the trespass to chattels claim and one of the unlawful conduct theories underpinning the section 17200 claim. Defendant raised the third question, preemption, as a basis to dismiss the implied-in-law contract/unjust enrichment claim. The fourth question concerning Google's right to speak is potentially dispositive of all of the claims. The Court thus finds that the first requirement for § 1292(b) is satisfied.

### B. Substantial Ground for Difference of Opinion

Second, there must be "substantial grounds" for a difference of opinion. *CTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). "Courts traditionally will find that a substantial ground for difference of opinion exists where '. . . novel and difficult questions of first impression are presented.'" *Reese*, 643 F.3d at 688 (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

Here, there are novel and difficult questions of first impression relating to the trespass to chattels claim. Although *Kremen* conclusively established that conversion applies to domain

names, there remains substantial ground for disagreement as to whether the related tort of trespass to chattels extends to other forms of intangible property. *See*, *e.g.*, *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 n. 21 (2010) (noting that conversion traditionally required a taking of tangible property and observing that "the expansion of conversion law to reach intangible property should not be permitted to 'displace other, more suitable law'"). Some courts have applied trespass to chattels to other forms of intangible property, including websites. *See*, *e.g.*, *YLD Ltd. v. Node Firm*, 2016 WL 7851414, at *2 (N.D. Cal. Aug. 17, 2016) (applying New York and federal law and denying motion to dismiss claims for trespass to chattels and conversion that were based, in part, on an alleged disruption to the use of a website); *Combs v. Doe*, 2011 WL 738052, at *1 (N.D. Cal. Feb. 23, 2011) (magistrate's report and recommendation granting default judgment on conversion claim based on allegations that defendant stole website and domain names by hacking into plaintiff's email); *Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 618 (S.D.N.Y. 2003) (sustaining claim for conversion of copyrighted website); *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 698 (D. Md. 2011) (finding allegations that defendant deprived plaintiff of possession of website and damaged the chattel by inserting a redirect command support a legally cognizable trespass to chattels claim); *State Analysis, Inc. v. Am. Fin. Servs. Assoc.*, 621 F. Supp. 2d 309, 320 (E.D. Va. 2009) (sustaining trespass to chattels claim where defendant accessed a password protected portion of plaintiff's website and thereby diminished the value of plaintiff's "possessory interest in its computer network"). Other courts have not. *See e.g.*, *GNI Waterman LLC v. A/M Valve Co. LLC*, 2007 WL 2669503, at *11 (E.D. Cal. Sept. 7, 2007) (dismissing trespass to chattels claim that was based on intangible ownership rights of forms, designs and patterns); *Discovery Educ., Inc. v. SchoolsPLP*, 2021 WL 2292223, at * 3 (D. Del. June 4, 2021) (dismissing trespass to chattels claim because no Delaware court had extended the tort to a website and plaintiff had not alleged damage to the website); *Exeter Twp. v. Gardecki*, 2018 WL 6616930, at *4 (E.D. Pa. Dec. 17, 2018) ("electronic files" are not chattel); *Tethys Bioscience, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 2010 WL 2287474,

Case No.: 5:20-cv-04700-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

4

at *7 (N.D. Cal. June 4, 2010) (citing *Silvaco*, refusing to extend *Kremen* to a patent application).

Further, Defendant's preemption argument raises a novel and difficult issue. Although the law is clear that websites fall within the subject matter of copyright[1], no court has considered whether copyright preemption applies to a claim for implied contract/unjust enrichment that is based on allegations that defendant superimposed advertisements on a website homepage and other landing pages without the consent of or compensation to the website owner.

Defendant's First Amendment argument similarly raises a novel and difficult issue. Although courts have recognized that the First Amendment protects search engine output results[2], no court has considered whether that protection extends to advertisements and other messages superimposed on a website homepage and other landing pages. The Court thus concludes that the second requirement for § 1292(b) is satisfied.

### C. Material Advance of the Ultimate Termination of the Litigation

Third, the "materially advance" prong is satisfied when the resolution of the question "may appreciably shorten the time, effort, or expense of conducting" the district court proceedings. *In re Cement*, 673 F.2d at 1027. Guidance from the Ninth Circuit on any of the questions raised by Defendant will materially advance the litigation. If the Ninth Circuit rules in favor of Defendant on even one question, then one or more of Plaintiffs' claims will be dismissed. This would impact the scope of Plaintiffs' case and potentially their ability to pursue claims on behalf of a putative class.

Plaintiffs contend that an interlocutory appeal will only delay the litigation because they anticipate either a complete affirmance of the Order or a reversal without prejudice to Plaintiffs'

---

[1] *See Ticketmaster LLC v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1160-61 (C.D. Cal. 2018) (concluding that websites are copyrightable as original works of authorship); *Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*, 476 F. Supp. 2d 291, 296 (S.D.N.Y. 2007) ("[c]opyright protection for a website may extend to both the screen displays and the computer code for the website").

[2] *See E-Ventures Worldwide, LLC v. Google, Inc.*, 188 F. Supp. 3d 1265, 1274 (M.D. Fla. 2016) (collecting cases); *Zhang v. Baidu.com, Inc.*, 10 F. Supp. 3d 433, 441 (S.D.N.Y. 2014) (finding First Amendment protected search engine's decision to promote and display third-party content).

Case No.: 5:20-cv-04700-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
5

right to file an amended complaint.  But even an affirmance may provide useful guidance before the parties engage in potentially wide-ranging and expensive discovery into how millions of websites may have been displayed on Android devices over a two-year period.

## III. CONCLUSION

Defendant's motion for certification of interlocutory appeal of the Court's Order is GRANTED.  That Order involves controlling questions of law, and "[s]o long as one controlling question is identified, an order can be certified for appeal to resolve 'all questions material to the order.'"  *Steering Comm. v. United States*, 6 F.3d 572, 576 (9th Cir. 1993).  Accordingly, pursuant to 28 U.S.C. § 1292(b), the Court CERTIFIES the Order for interlocutory appeal.  This matter is stayed pending a decision by the Ninth Circuit.  Upon resolution of the stay, either party may ask the Court to reopen the case and lift the stay.

**IT IS SO ORDERED.**

Dated:  May 2, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-04700-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

6