UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEST CARPET VALUES, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 5:20-cv-04700-EJD<br><br>**ORDER OF DISMISSAL; ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 57, 59 |

On January 11, 2024, the Ninth Circuit issued an order reversing the Court's denial of Defendant's motion to dismiss and remanding with instructions to dismiss. *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962 (9th Cir. 2024), ECF No. 57. Pursuant to the Ninth Circuit's order, all claims in this action are **DISMISSED**.

Shortly after the Ninth Circuit's order, Plaintiffs, Best Carpet Values, Inc., and Thomas D. Rutledge ("Plaintiffs"), filed a motion for leave to file an amended complaint.[1] Mot., ECF No. 59. Defendant, Google LLC ("Defendant"), filed an opposition, and Plaintiffs filed a reply. Opp'n, ECF No. 60; Reply, ECF No. 61. Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the following reasons, Plaintiffs' motion is **DENIED**.

---

[1] Plaintiffs erroneously filed a two-page administrative motion to extend time pursuant to Federal Rule of Civil Procedure 6 rather than a proper motion seeking leave to file an amended complaint pursuant to Rule 15(a)(2). At this stage in the litigation, Plaintiffs are not afforded the opportunity to amend as a matter of right whereby the only issue to be adjudicated would be whether to allow for more time to file the amended complaint. Instead, Plaintiffs seek to file a contested amended complaint disposing of all original claims and adding an entirely new claim nearly four years after the initiation of its case; therefore, Plaintiffs must meet the standards of Rule 15(a)(2). Although Plaintiffs' motion is procedurally erroneous, rather than strike this filing, in the interest of judicial efficiency, the Court will interpret Plaintiffs' request as a motion pursuant to Rule 15 and rule on Plaintiffs' motion as filed.

## I. BACKGROUND

Plaintiffs initiated this class action lawsuit on July 14, 2020, alleging that Google's placement of unlawful advertisements on their websites gave rise to three California state law claims: implied-in-law contract and unjust enrichment, trespass to chattels, and unfair and unlawful conduct in violation of Cal. Bus. & Prof. Code § 17200 ("UCL").  Compl., ECF No. 1.  On September 4, 2021, the Court granted in part and denied in part Defendant's motion to dismiss, allowing all claims to proceed except for Plaintiffs' UCL claim under the "unfair" prong.  Order Granting in Part and Den. In Part Mot. to Dismiss, ECF No. 41.  Finding that the Court's order involved controlling questions of law, the Court granted Defendant's request to certify its decision for interlocutory appeal.  Order Certifying Decision for Interlocutory Appeal, ECF No. 51.

Upon appeal, the Ninth Circuit reversed the Court's denial of Defendant's motion to dismiss.  *Best Carpet Values*, 90 F.4th.  The court first found that there is no cognizable property interest in website copies that may serve as the basis for a trespass to chattels claim under California law, and therefore this claim must be dismissed.  *Id.* at 967–70.  The court also found that Plaintiffs' California state implied-in-law contract and unjust enrichment claim is preempted under federal copyright law, and therefore this claim also must be dismissed.  *Id.* at 970–74.  The only remaining claim, based on UCL's prohibition of an "unlawful . . . business act or practice," requires a predicate state or federal law claim; given that no predicate claims remain, the Ninth Circuit also held that Plaintiffs' UCL claim may not proceed.  *Id.* at 974.  The Ninth Circuit remanded the case with "instructions to dismiss."  *Id.* at 975.

Plaintiffs now request an order dismissing the case without prejudice and allowing them to file a first amended complaint.  Defendant argues that the Ninth Circuit instructed the Court to dismiss with prejudice and therefore any amendment is improper.

## II. LEGAL STANDARD

"A district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for any other purpose than execution,'" and "a district court c[an]not refuse to dismiss a case when the mandate require[s] it."  *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)

Case No.: 5:20-cv-04700-EJD
ORDER OF DISMISSAL; ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL.
2

(quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

Regarding a request for leave to file an amended complaint, pursuant to Federal Rule of Civil Procedure 15, "[t]he Court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892–93 (9th Cir. 2010); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a).").

## III. DISCUSSION

The Court will first address the Parties' dispute regarding the nature of the Ninth Circuit's instruction to dismiss and then move to Plaintiffs' request to amend the complaint.

### A. Ninth Circuit's Instruction to Dismiss

As an initial matter, the Parties dispute whether the Ninth Circuit's order instructed the Court to dismiss Plaintiffs' claims with or without prejudice. Opp'n 1; Reply 2. It is well-established that, unless it states otherwise, an order to dismiss is interpreted as adjudication on the merits and therefore dismissal with prejudice, absent certain exceptions not applicable to this case. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citing Fed. R. Civ. P. 41(b)).

The Ninth Circuit instructed the Court to dismiss. *Best Carpet Values*, 90 F.4th. at 975. It did not clarify whether dismissal shall be with or without prejudice. *Id.* Because it did not state otherwise, the Court interprets the Ninth Circuit's order as mandating dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b). This interpretation is further supported by the Ninth Circuit's findings. It would be futile, for example, to allow a plaintiff to amend an implied-in-law contract and unjust enrichment claim that is preempted by federal law, or to amend a trespass to chattels claim where there is no cognizable property interest.

Therefore, in accordance with the Ninth Circuit's order, the Court **DISMISSES** all of Plaintiffs' claims **WITH PREJUDICE**.

### B. Amending Complaint with New Federal Claim

While Plaintiffs dispute whether dismissal of all claims should be entered with or without prejudice, Plaintiffs nevertheless suggest that this inquiry is inconsequential because they do not plan to revive the dismissed claims. Instead, it appears[2] that Plaintiffs plan to file a new complaint disposing of all prior claims and instead alleging one new count under the federal Copyright Act.

The Court finds this improper. As it stands, all of Plaintiffs' California law claims for trespass to chattels, unjust enrichment, and unfair competition have been dismissed with prejudice. The Court will not permit Plaintiff to revitalize the current case with a new claim which would necessarily rely on new allegations. *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("In light of the radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay, we conclude that the district court did not clearly abuse its discretion in denying leave to amend."). While it is true, as Plaintiffs highlight, that the Ninth Circuit found the display and reproduction of Plaintiffs' website to "fall[] squarely within the scope" of, and "implicate[]" rights under, the Copyright Act, the Ninth Circuit did not hold, as Plaintiffs suggest, that the complaint pleads facts required to state a claim under the Copyright Act. *Best Carpet Values*, 90 F.4th. at 972–73. For example, Plaintiffs' amended complaint will likely need to newly plead ownership of copyrights, identify protectable elements, display substantial similarity, and redefine the class. *Brasserie de Tahiti v. Oceandless Design, Inc.*, No. 222CV03363RGKGJS, 2022 WL 18142554, at *3 (C.D. Cal. Nov. 28, 2022) (comparing pleading requirements under the Copyright Act and other claims including UCL) (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116–17 (9th Cir. 2018), *overruled on other grounds in Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020)). Plaintiffs' simplistic position that their "right to file an amended complaint after the initial dismissal of their complaint cannot be seriously questioned" fails to take into account that Plaintiffs' new complaint would constitute a drastic shift in the nature of this case nearly four

---

[2] The Court was unable to review Plaintiff's proposed amendments because Plaintiff failed to attach its proposed amended complaint as required by Local Rule 10-1.

years after its initiation and following the Ninth Circuit's instruction to dismiss all claims with prejudice. Reply 2.

Notably, Plaintiffs have failed to provide the Court with any authority or other case law whereby a district court permitted a plaintiff to file an amended complaint alleging an entirely new claim following the Ninth Circuit's instruction to dismiss all claims with prejudice. While Plaintiffs are correct that Rule 15's policy favors freely giving leave to amend when justice so requires, the Court finds that Plaintiffs' proposed amendment is inappropriate under these circumstances, where the amended complaint would essentially constitute a new lawsuit. Plaintiffs are free to file a new action with their new legal theory if they wish, as the Court has made no findings regarding any claim brought under the federal Copyright Act, but the Court will not permit Plaintiffs to use an amended complaint in this action as the channel to pursue their new suit.

Therefore, the Court **DENIES** Plaintiffs' motion for leave to file an amended complaint.

## IV.   CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case with prejudice and **DENIES** Plaintiffs' motion for leave to file an amended complaint. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: May 1, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-04700-EJD
ORDER OF DISMISSAL; ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL.
5